J-S33026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON RENEE ORTIZ | : | |
| | : | |
| Appellant | : | No. 1556 MDA 2023 |

Appeal from the Judgment of Sentence Entered July 11, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000261-2022

BEFORE:  OLSON, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED: OCTOBER 9, 2024**

Jason Renee Ortiz appeals from the judgment of sentence imposed after a jury convicted him of two counts of indecent assault, unlawful contact with a minor, and corruption of minors.[1]  Ortiz contests his lifetime registration and the weight of the evidence.  We affirm.

Ortiz's convictions arose from two evenings in January 2022, when Ortiz was telling bedtime stories to R.S., a co-worker's then seven-year-old daughter.  During those times, Ortiz touched the victim's stomach, breasts, thighs, and vagina.  During the subsequent investigation, the dates that this conduct occurred were reported as January 10th and January 11th.  At trial, the victim's mother clarified that the conduct actually occurred on January 9th and January 10th.

---

[1] 18 Pa.C.S.A. §§ 3126(a)(7), 3126(a)(1), 6318(a)(1), and 6301(a)(1)(ii).

At trial, the victim testified as to what transpired on each occasion when she was in a bed she shared with her brother. She testified that, on first night, Ortiz "was reading us a bedtime story, and then he started touching my 'girl part' [over my clothes] and then the next night [Ortiz] he was also telling us another bedtime story, and then he touched my girl part under my clothes." N.T., 3/2//23, at 154-55. According to the victim, on the second night Ortiz's hand went inside the lips of her girl part and Ortiz touched her by her "boobs" and thighs. *Id.* at 158-159.

The jury convicted Ortiz of the above charges.[2] On July 11, 2023, the trial court imposed an aggregate sentence of one year less a day to two years less a day of incarceration and a concurrent five-year probationary term. Additionally, Ortiz was directed to comply with Pennsylvania's Tier III Sex Offender Registration and Notification Act ("SORNA"), which required him to register as a sex offender with the Pennsylvania State Police for life.[3]

Ortiz filed a timely post-sentence motion in which he challenged the weight of the evidence supporting his convictions. In his supporting brief, Ortiz enumerated various inconsistencies in R.S.'s testimony at trial when compared to her child advocacy interview responses, as well as the conflicting

---

[2] The jury acquitted Ortiz of two counts of aggravated indecent assault.

[3] The parties agree that Ortiz was not classified as a sexually violent predator.

testimony as to when the incidents occurred.  After taking the motion under advisement, the trial court denied the motion.  This appeal followed.  Both Ortiz and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Ortiz raised the following two issues on appeal:

I.      Is [Ortiz's] lifetime registration pursuant to [Subchapter H of] SORNA a violation of both the Sixth and Fourteenth Amendment rights under the United States Constitution and Article 1, § 9 right to reputation under the Pennsylvania Constitution[?]

*** 

II.     Was the verdict against the weight of the evidence . . . and shocked one's sense of justice?

Ortiz's Brief at 6 (excess capitalization omitted).

In support of his first issue, Ortiz argues that the imposition of a lifetime sex offender requirement on him is illegal, as it imposes a penalty beyond the statutorily prescribed maximum, based upon a fact not found by a jury and thus in violation of **Apprendi v. New Jersey**, 530 U.S. 466 (2000). Additionally, he asserts that his sentence is illegal because registration is not a sentencing alternative provided by Section 9721 of the Sentencing Code. Finally, Ortiz argues that SORNA's irrebuttable presumption that all sex offenders pose a threat of recommitting sexual offenses without a specific determination as applied to him violates due process.

Ortiz's constitutional challenges raise "questions of law for which our standard of review is *de novo* and our scope of review is plenary."

*Commonwealth v. Torsilieri*, 232 A.3d 565, 575 (Pa. 2020) ("*Torsilieri I*") (citation omitted). Moreover,

> [i]n addressing constitutional challenges to legislative enactments, we are ever cognizant that the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society, but that any restriction is subject to judicial review to protect the constitutional rights of all citizens. We emphasize that a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution.

*Id.* (citations omitted).

Ortiz's constitutional claims are similar to those raised by the defendant in *Torsilieri I*. In 2018, the trial court in *Torsilieri I*, found SORNA's Subchapter H to be unconstitutional for several reasons, including the fact that its notification provisions constituted "punishment." In 2020, our Supreme Court vacated the trial court's determinations and remanded for further evidentiary hearings regarding the alleged irrebuttable presumption and punitive nature of SORNA. Upon remand, the trial court held evidentiary hearings and again concluded that Subchapter H of SORNA was unconstitutional in violation of the irrebuttable presumption doctrine and that Subchapter H was punitive.

Here, Ortiz seeks a remand to present evidence regarding the irrebuttable presumption and alleged punitive nature of Subchapter H. During the pendency of Ortiz's appeal, however, our Supreme Court issued its decision following remand in *Torsilieri I*, and reversed. *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) ("*Torsilieri II*"). Therein, the high court

concluded that the defendant failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm. *Torsilieri II*, 316 A.3d at 91-100. In addition, the *Torsilieri II* court ruled that consideration of the *Mendoza-Martinez*[4] factors did not compel a conclusion that Subchapter H was punitive. *Id.* at 109-10. Thus, our Supreme Court concluded that the defendant's constitutional challenges failed, because he did not meet his heavy burden to rebut the General Assembly's stated non-punitive purpose of informing and protecting the public.

Our Supreme Court's decision in *Torsilieri II* renders Ortiz's first issue meritless. *See Torsilieri II*, 316 A.3d at 110 (stating that the defendant's constitutional challenges to Subchapter H of SORNA failed because they depended on a threshold conclusion that the subchapter was punitive).

In his second issue, Ortiz asserts that the jury's guilty verdicts were against the weight of the evidence. In support of this claim, Ortiz argues:

> In this case, the details in [the victim's] testimony and interviews changed drastically throughout the investigation and trial. Additionally, substantial inconsistencies arose between [the victim's] testimony at trial and the testimony of the other witnesses. Not one storyline presented could be considered plausible. Because of the inconsistent stories and the impossibility of each when taking [the victim's] testimony into account, a reasonable jury could not believe [the victim's] testimony at trial. Therefore, [Ortiz] demands a new trial to right this wrong.

_____

[4] *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

Ortiz's Brief at 29. Ortiz then reiterates the many perceived inconsistencies he highlighted in his post-sentence motion. *Id.* at 29-32.

When reviewing a challenge to the weight of the evidence, our standard of review is as follows:

> The essence of appellate review for a weight claim appears to lie in ensuring that the trial court's decision has record support. ***Where the record adequately supports the trial court, the trial court has acted within the limits of its discretion.***
>
> * * *
>
> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> * * *
>
> An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court. ***Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.***

*Commonwealth v. Clay*, 64 A.3d 1049, 1054–55 (Pa. 2013) (citations omitted) (emphasis added). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of evidence . . . ." *Id.* at 1055. Absent an abuse of discretion, the trial court's decision will not be disturbed. *See Commonwealth v. Griffin*, 515 A.2d 865, 869 (Pa. 1986). An abuse of discretion "is not merely an error in judgment. Rather, it involves bias,

partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law." ***Commonwealth v. West***, 937 A.2d 516, 521 (Pa. Super. 2007). By contrast, a proper exercise of discretion "conforms to the law and is based on the facts of record." ***Id.***

Here, the trial court found no merit to Ortiz's claim:

> As to [Ortiz's] second claim, that the verdict is against the weight of the evidence, we are cognizant of the inconsistencies specified in the memorandum supporting his post-sentence motion and upon consideration of the record as a whole, we would acknowledge that this was a close case. We would not have fallen out of our chair in the event of an acquittal. Nor, however, can we say that the verdict was "so contrary to the evidence as to shock one's sense of justice." As noted in our instructions, the triers of fact were free to believe some, all, or none of the testimony presented. It is evident that they believed some – enough to convict [Ortiz] of certain crimes – while attributing the inconsistent remainder to the errors of memory, perhaps especially the frail memory of a very young girl[.]

Trial Court Opinion, 1/9/24, at 2-3 (excess capitalization and citation omitted).

We discern no abuse of discretion in the trial court's conclusion. A review of the trial transcript reveals that the jury deliberated the entire afternoon, came back with three questions and/or requests to rehear certain evidence, and did not reach a verdict until the next morning. In addition, as we noted above, the jury acquitted Ortiz of two aggravated indecent assault charges. ***See*** n.2, ***supra***. Thus, Ortiz's second issue challenging the weight of the evidence supporting his convictions fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/09/2024